■ HARARI RESTAURANT CORP., Petitioner, v EDWARD J. McLAUGHLIN et al., Respondents. — Determination of the New York State Liquor Authority dated November 21, 1980, canceling petitioner's license and forfeiting its license bond in the sum of $1,000, unanimously modified, on the law, without costs, to the extent of annulling the penalty imposed and remanding for imposition of a penalty not to exceed a 30-day suspension, with credit for whatever period of suspension may have already occurred. In a proceeding commenced by the New York State Liquor Authority, the hearing officer determined after a hearing that two of the three charges brought were sustained by the evidence. First, and of primary importance, the hearing officer found "that the licensee has ceased to operate its premises as a bona fide premises within the contemplation of the license issued to it in violation of Rule 36, subdivision 1(d) of the Rules of the State Liquor Authority" (9 NYCRR 53.1 [d]). This finding was based on evidence that it was the policy of the licensee to discourage male patronage and thus to exclude a substantial portion of the public. Second, the hearing officer also found that the licensee violated subdivision 9 of section 106 of the Alcoholic Beverage Control Law on January 16 and January 23, 1980 in that it permitted

interior drapes to be pulled across the glass of the window so as to prevent "a full and clear view" of the interior of the premises from the sidewalk. This finding was apparently based on testimony by an investigator that on January 16, 1980 drapes were so arranged across the window that only a partial view of the premises was possible from the sidewalk. The authority adopted the findings of the hearing officer and in an order effective December 5, 1980 canceled petitioner's license and forfeited its $1,000 bond. The evidence presented at the hearing was adequate to establish the above-described findings except with regard to the determination that the windows had been obstructed on January 23, 1980, as to which the record discloses no evidence whatsoever. The principal issue presented in this article 78 proceeding concerns the severity of the penalty. As acknowledged by the licensee's principal, the premises had been operated as a bar for women only for some 11 years. He testified that his instructions were to discourage male patronage by informing men seeking service that the bar was for women only and inviting them to go to other bars in the neighborhood. To what extent this policy as applied involved a denial of service to men who refused to be discouraged is unclear. Certainly the record confirms that on January 16, 1980, the date of the first visit by investigators, they were overcharged on their orders after they insisted on service, and that on January 23, 1980, when the bar was visited in quick succession by three sets of male investigators, none was served. We agree that it is difficult to reconcile the policy of the premises even as described by its principal with the current understanding of the obligations implicit in publicly licensed premises. Certainly that policy violates subdivision 2 of section 296 of the Executive Law which prohibits denial of service on account of sex in places of public accommodation. The issue presented here is closely related to that which gave rise to a well-known public controversy a few years ago in connection with the then long-standing practice of various licensed premises to discourage or deny service to women. What is clearly presented is a conflict between the preference of some members of the community for a social environment limited to one sex, with the developing public policy, explicitly embodied in subdivision 2 of section 296 of the Executive Law, which prohibits discrimination on the basis of sex. We doubt that this kind of problem is appropriately responded to by revocation of a license without any prior warning or notice. This seems particularly clear here since it is apparent that petitioner's premises have been operated as a bar for women only quite openly for a period of 11 years without any previous complaint or warning. Accordingly, we remand for imposition of a penalty by the authority not to exceed a 30-day suspension. Concur — Kupferman, J. P., Sandler, Ross and Bloom, JJ.